THE STATE OF MONTANA, Plaintiff and Appellant, v. RAYMOND J. JOHNSON, Defendant and Respondent.

No. 11797.
Submitted June 11, 1970.
Decided July 17, 1970.
472 P.2d 287.

Robert L. Woodahl, Atty. Gen., Helena, Edward D. Yelsa, County Atty., argued, Anaconda, Peter L. Rapkoch, argued, Lewistown, for appellant.

William A. Taylor, argued, Deer Lodge, Robert J. Boyd, argued, Anaconda, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the state from an order dismissing this action for insufficient evidence to support the charge entered in the district court of Deer Lodge County.

From the record it appears that in June of 1968 the State Livestock Commission discovered five head of cattle on premises owned by Raymond J. Johnson (hereinafter referred to as the defendant) carrying the brand of defendant on the left hip and

the brand of Mount Haggin Livestock, Inc. on the right hip. The two brands did not touch each other or interfere with their respective appearances. Mount Haggin Livestock, Inc. denied any transfer of these cattle and claimed to have the older brand, whereupon the Deer Lodge county attorney filed charges against the defendant under section 94-3504, R.C.M.1947. That statute is captioned, "Altering brands" and thereafter recites the offense: "Every person who marks or brands, alter or defaces the mark or brand, of any horse, mare, colt, jack, jenny, mule, bull, ox, steer, cow, calf, sheep, goat, hog, shoat, or pig, belonging to another, with intent thereby to steal the same or to prevent identification thereof by the true owner, is punishable by fine not to exceed five hundred dollars, or imprisonment in the state prison not to exceed five years, or both."

The question is whether or not an attempt must be made to "alter or deface" an existing brand to be in violation of section 94-3504, R.C.M.1947, or if merely placing a different brand on an animal which does not touch an existing brand is sufficient to constitute a violation of this statute.

The original of section 94-3504, R.C.M.1947 was a California statute which was adopted by Montana in territorial days and has remained substantially unchanged in both states with minor variations in form in California. Two cases are in point in California dealing with this statute.

Defendant strenuously asserted the most recent case decided in 1966, People v. Brumley, 242 Cal.App.2d 124, 51 Cal.Rptr. 131, where stolen cattle were branded a second time by a brand that did not touch or alter the previously existing brand, was controlling. The California court affirmed an order dismissing counts charging the defendant with, "* * * altering the brands on the Cardoza cattle." People v. Brumley, supra, 51 Cal.Rept. at 135. California's Agricultural Code, § 435 is the statute under which charges were brought, and it declares: "Every person is punishable by imprisonment in the state prison for not less than one nor more than five years, who, with intent

thereby to steal the same or prevent identification by the true owner: (a) Marks or brands any horse, colt, jack, jenny, mule, ox, steer, cow, or calf belonging to another with any brand or mark other than the recorded brand or brand and mark of the owner of the animal; or (b) Alters or defaces a brand or mark on such an animal." Charges were filed under tabulation (b) in the Brumley case which obviously excludes any offense for a brand that does not touch a previously existing brand, hence it does not "alter or deface" a former brand. Albeit, a different result would have occurred if charges had been brought under tabulation (a) since it includes any unauthorized brand or mark placed anywhere on the animal regardless of whether or not the brands were touching each other The Brumley case does not control the present case because the Montana staatute is not tabulated in form and includes both elements of the California tabulation as an undifferentiated offense.

Older but more pertinent to the fact situation here is California's Penal Code § 357 stating: "Every person who marks or brands, alters, or defaces the mark or brand of any horse, mare, colt, jack, jenny, mule, bull, ox, steer, cow, or calf belonging to another, with intent thereby to steal the same, or to prevent identification thereof by the true owner, is punishable by imprisonment in the state's prison for not less than one nor more than five years." This statute is the forerunner of California's Agricultural Code § 435, and in its untabulated form, it is exactly the same as section 94-3504, R.C.M.1947 with the exception of Montana's inclusion of "* * * sheep, goat, hog, shoat, or pig * * *" and a different penalty for the offense.

In 1904, People v. Strombeck, 145 Cal. 110, 115, 78 P. 472, 474, interpreted California's Penal Code § 357 as follows: "* * * it is the placing of any mark upon the animal, with the intent thereby to prevent identification by the owner, that is denounced by the statute here involved. Whether the mark adopted by the offender for that purpose is such that it will accomplish the result desired is not material." The Strombeck

case involved splitting a colt's ear which did not interfere with any other mark or brand on the animal, but the court found such a mark to be in violation of their statute.

In essence, the language and purpose of section 94-3504, R.C.M.1947 is the same as California's former Penal Code § 357 and Agricultural Code § 435 in its entirety, therefore an unauthorized brand or mark does not have to touch, alter, or deface a former brand on an animal to be in violation of Montana's statute.

For these reasons the order dismissing the action is vacated and annulled, and the cause to returned to the district court for further proceedings in accordance with the views herein expressed.

MR. JUSTICES CASTLES, JOHN C HARRISON and HAS-WELL concur.